GONZÁLEZ FRANQUI, PLAINTIFF AND APPELLANT, *v.* BRICE, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action for Annulment of a Deed and for Damages.

No. 1897.—Decided February 14, 1919.

SALE—LOAN—COMPLAINT—CAUSE OF ACTION.—A complaint sets up facts sufficient to constitute a cause of action when it is alleged therein that the plaintiff's agreement with the defendant before the execution of the deed of sale was for a loan and not for a sale; that the plaintiff remained in possession of the property and paid to the defendant a supposed rent which was really interest on the amount received as a loan, and that the purchase price was much below the real value of the property.

ID.—ID.—COVENANT FOR REPURCHASE.—The allegation of the plaintiff that in signing the deed of sale with a covenant for repurchase she was influenced by the defendant's threat that he would not advance the amount of the loan unless she signed the said deed and by the fear of the foreclosure of the mortgage for the cancellation of which she was borrowing the money from the defendant, far from showing the existence of a subsequent contract of sale with a covenant for repurchase rescinding the former contract

of loan simply explains her reasons for signing the deed witnessing a contract of sale with a covenant for repurchase when the contract was really for a loan.

The facts are stated in the opinion.

*Mr. Joaquín Vendrell* for the appellant.

*Mr. Francisco González* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an action for the annulment of a deed and for damages brought by Amalia González Franqui against James W. Brice in the District Court of Humacao. The complaint sets up the following:

(*a*) That in or about the month of September, 1913, the plaintiff borrowed $1,000 from the defendant for a period of one year ending September 23, 1914, securing the payment of the debt with one town property and two rural properties which together are now worth $6,100.

(*b*) That she borrowed the money for the purpose of paying a like amount of $1,000 which she owed to Luis Pereyó and of canceling the mortgage which Pereyó held on the same properties pledged to secure the defendant's loan.

(*c*) That although the contract was for a loan with the conditions stated, the deed executed before Notary Arturo Aponte Rodríguez in the city of Humacao on September 23, 1913, represented the contract as one of purchase and sale with a covenant for repurchase within one year thereafter, the sum of $10 monthly figuring as rent when in fact it was not rent, but interest at the rate of 1 per cent monthly on the loan of $1,000, as agreed upon.

(*d*) That on the day of the execution of the deed the plaintiff refused to sign the contract because it did not recite what had actually and positively been agreed on, and the defendant threatened that he would not advance the amount of the loan to her unless she signed the deed as drawn up by the defendant, whereupon the plaintiff was compelled to

sign it for fear that Pereyó would foreclose his mortgage to recover the $1,000 which she had previously borrowed from him.

(e) That with knowledge that the contract was not one of purchase and sale with a repurchase condition, but a mere security furnished by the plaintiff for the payment of the $1,000, the defendant, when the debt became due, procured an entry of the consummation of the sale in the registry with the deliberate intent of depriving the plaintiff of the ownership of her properties and took possession of the properties against the will of the plaintiff.

(f) That on the day of the execution of the deed the defendant knew that the value of the three properties then exceeded $3,000 and appropriated them with the purpose of defrauding the plaintiff in the real value thereof.

(g) That the plaintiff is and always has been disposed to deliver to the defendant on demand the $1,000 borrowed from him, or when ordered by the court to do so.

(h) That the unlawful and fraudulent acts of the defendant have caused the plaintiff physical and mental suffering by reason of fear to find herself reduced to want, and grave injury by being deprived of the ownership of the properties and their products, which she estimates at $3,000.

The complaint concludes with a prayer that the conditional deed of purchase and sale of September 23, 1913, be declared null and void; that she be placed in possession of the said three properties, and that the defendant be adjudged to pay $3,000 to the plaintiff as damages, together with the expenses, costs and attorney fees.

The defendant demurred to the complaint on the ground that the facts therein alleged did not constitute a cause of action and the court sustained the demurrer by its judgment of June 20, 1918, and as a consequence dismissed the complaint with the costs against the plaintiff, who appealed from that judgment to this court.

The complaint shows on its face that the action was brought on the theory that the contract of sale made by the plaintiff and the defendant in the public deed of September 23, 1913, subject to a repurchase condition was not a conditional sale but a mortgage loan. The plaintiff's allegations that prior to the execution of the said deed she had agreed with the defendant to sign a contract of loan and not of sale; that the plaintiff remained in possession of the properties and paid the defendant supposed rent which really was the interest on the amount received as a loan, and that the consideration for the sale was far below the real value of the properties, are sufficient to constitute a cause of action.

In support of this conclusion we quote from our decision in the case of *Monagas et al.* v. *Albertucci,* 17 P. R. R. 684, as follows:

"The whole case really turns on the question of whether the written instrument in controversy was a mortgage or a conditional sale. If it is the latter, it must be complied with according to its terms; if the former, the plaintiff must be allowed to repay the money received and take a reconveyance of the land. The real intention of the parties at the time the written instrument was made must govern in the interpretation given to it by the courts. This must be ascertained from the circumstances surrounding the transaction and from the language of the document itself. The correct test, where it can be applied, is the continued existence of a debt or liability between the parties. If such exists, the conveyance may be held to be merely a security for the debt or indemnity against the liability. On the contrary, if no debt or liability is found to exist, then the transaction is not a mortgage, but merely a sale with a contract of repurchase within a fixed time. While every case depends on its own special facts, certain circumstances are considered as important, and the courts regard them as throwing much light upon the real intent of the parties and upon the nature of such transactions. Such are the existence of a collateral agreement made by the grantor for the payment of money to the grantee, his liability to pay interest, inadequacy of price paid for the conveyance, the grantor still remaining in possession of the land conveyed, and any

negotiation or application for a loan made preceding or during the transaction resulting in the conveyance.

''The American doctrine on this subject does not differ materially from the principles set forth in our Civil Code. 3 Pomeroy's Equity Jurisprudence, paragraphs 1194 and 1195; Civil Code of Porto Rico, paragraphs 1248, 1249, 1250, 1348, 1410, and 1421.''

And the allegation made by the plaintiff that in signing the deed of sale with a repurchase condition she was influenced by the defendant's threat that he would not make the loan unless she signed said deed and by the fear that Pereyó would foreclose the mortgage created in his favor, instead of showing the existence of a subsequent contract of sale with a repurchase condition substituting the former contract of loan, indicates only the reasons of the plaintiff for signing the conditional deed of sale when the contract was really one of loan, as asserted and insisted on by the plaintiff.

For the foregoing reasons the judgment appealed from should be

*Reversed.*

Justices del Toro and Hutchison concurred.
Justices Wolf and Aldrey dissented.

DISSENTING OPINION OF MR. JUSTICE WOLF IN WHICH MR. JUSTICE ALDREY CONCURS.

It cannot be seriously contended that the complainant signed the deed through intimidation or fraud as these elements are anywhere defined. The facts as pleaded show that the defendant refused to let the complainant have the money unless she made the contract as desired. A hard contract, it is true, but one the complainant had a right to make as she alleged that she was more than 21 years of age. She agreed to make a sale with the agreement of resale and, this fact clearly appearing from the complaint, no cause of action to set aside the contract was stated.